```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DONALD R. DUDLEY, D.C.
d/b/a HEALTHSOURCE CHIROPRACTIC,

                          Plaintiff,           07-CV-6631

              v.                                DECISION AND ORDER

HEALTHSOURCE CHIROPRACTIC, INC. and
STEPHEN T. DIVITO, D.C.,

                          Defendants.
_____
```

Plaintiff, Donald R. Dudley ("Plaintiff"), brings this action against HealthSource Chiropractic, Inc. ("HealthSource Inc.") and Stephen T. Divito ("Divito") (collectively, "Defendants"), alleging trademark infringement, cybersquatting, false designation of origin and unfair competition, seeking monetary damages and a permanent injunction. (Docket No. 1.)  In a Decision and Order dated August 7, 2012, this Court granted in part and denied in part the Defendants' motion for summary judgment and denied the Plaintiff's cross motion for partial summary judgment.  The Court also determined that issues of fact remained with respect to the territorial extent of the Plaintiff's right to exclusively use the trademark at issue in this lawsuit - HealthSource Chiropractic. However, the Court granted Plaintiff additional time to submit evidence relating to the territorial extent of trademark rights. Dudley v. HealthSource Chiropractic, Inc., – F.Supp.2d –, 2012 WL 3253194 (W.D.N.Y. August 7, 2012)(Telesca, J.) ("August 2010

Order").

Plaintiff has submitted two additional affidavits to support his argument that he has acquired rights to exclusively use the HealthSource Chiropractic mark in Monroe County and the five contiguous counties. Defendants contend that the evidence should not be considered because it was not timely produced in discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. Defendants also contend that the evidence submitted does not conclusively establish Plaintiff's exclusive right to use the HealthSource Chiropractic mark in the entirety of Monroe County and the five contiguous counties. Instead, they contend that Plaintiff's zone of exclusivity should be limited to the three to five mile radius surrounding his office in Monroe County as of the date when his trademark rights were frozen - July 10, 2007.

The Court will consider the additional evidence over Defendants' objections. With respect to the Dudley Affidavit, in its August 2012 Order, the Court granted Plaintiff additional discovery as needed and specifically instructed the Plaintiff to provide information relating to the dates he treated patients in areas outside of Monroe County. Further, Defendants were provided with the name of the second affiant, Craig Rybczynski, during discovery, albeit on the last day. While Plaintiff could have provided Rybczynski's name at an earlier date, there is no evidence that the Defendants were prejudiced by the relatively late disclosure. Accordingly, the Court denies Defendants' request to

exclude this information from the record.

The Court previously discussed some of the case law relevant to its decision on this issue. Courts have found several factors relevant to determining the geographic extent of market penetration. For example, (1) volume of sales; (2) growth trends; (3) number of buyers in ratio to potential customers; and (4) amount of advertising. See Natural Footwear Ltd. v. Hart, Schaffner & Marx, 760 F.2d 1383, 1398-1399 (3rd Cir. 1985) (citing cases). And other Courts have relied the concept of the "zone of natural expansion" to determine the territorial limits of a party's exclusive right to use a particular mark. See Allard Enterprises, Inc. v. Advanced Programming Resources, Inc., 249 F.3d 564, 574 (6th Cir. 2001)(citing In re Beatrice Foods Co., 57 C.C.P.A. 1302, 429 F.2d 466, 475 (1970)("[w]here a party has submitted evidence sufficient to prove a strong probability of future expansion of his trade into an area, that area would then become an area of likelihood of confusion if a registration covering it was granted to another party.")). The Allard Court held that the consideration of the Natural Footwear factors and the concept of the zone of natural expansion, together, was an appropriate test for courts to determine the parties' respective territorial rights. Id. However, "[t]he actual geographic area a party carves out is a question of fact." Popular Bank of Florida v. Banco Popular de Puerto Rico, 9 F.Supp.2d 1347, 1354 (S.D.F.L. 1998).

According to the record, Plaintiff had approximately one

hundred patients outside of Monroe County and approximately eight hundred patients in Monroe Country as of July 10, 2007.  Forty eight of those patients outside of Monroe County resided in the five counties contiguous to Monroe County, which Plaintiff contends should be included within his zone of exclusivity.  Defendants counter that forty eight people is an extremely small percentage of the population of the five contiguous counties and that Plaintiff has not produced evidence relating to several of the other <u>Natural Footwear</u> factors.  Defendants also contend that the typical geographic reach of a chiropractic office is three to five miles.

Plaintiff also has produced evidence that as of July 10, 2007, he had advertised in several local newspapers in Monroe County and in the Yellow Pages of the Rochester telephone book.  The precise geographic reach of the Rochester Yellow Pages at the time he placed his advertisements prior to July 10, 2007 is not in the record.  Plaintiff also served as the team chiropractor to several local sports teams, and his advertisements were featured during broadcasts of their games.  The geographic reach of these advertisements extended beyond Monroe County and the five contiguous counties, however, it is unclear what, if any, effect such advertisements had on the general population of this geographic area.

The Court finds that the number of patients and the volume of advertising outside of Monroe County prior to July 10, 2007 is

insufficient to <u>conclusively</u> establish, at the summary judgment stage, that Plaintiff is entitled to exclusive trademark rights in Monroe County and the five contiguous counties.  However, the Court finds that Plaintiff has submitted sufficient evidence to raise a material issue of fact as to the geographic extent of his exclusive trademark rights, including whether the entirety of Monroe County and the five contiguous counties should be included within his zone of natural expansion.  Accordingly, the parties' respective motions for summary judgment on this issue are denied.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                    S/ MICHAEL A. TELESCA
                                               HON. MICHAEL A. TELESCA
                                               United States District Judge

Dated:   Rochester, New York
        December 26, 2012